**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**KOLBY ANDREWS**                                                                          **PLAINTIFF**

**vs.**                                          **CIVIL ACTION NO.: 4:13cv43-SA-JMV**

**WARDEN DAVENPORT, et al.**                                                       **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court, *sua sponte*, for consideration of dismissal. Plaintiff, an inmate of the Mississippi Department of Corrections ("MDOC"), currently incarcerated at the Mississippi State Penitentiary at Parchman ("Parchman"), filed this pro se complaint pursuant to 42 U.S.C. § 1983 against Parchman Warden Davenport; Chief of Investigations Rogers; C.I.D. Investigator Reagan; and Commissioner Epps. Upon review of the complaint and attached documents, as well as a consideration of the applicable law, the Court finds that this case should be dismissed, for the following reasons.

**Plaintiff's Allegations**

Plaintiff maintains that MDOC staff came into his unit on January 8, 2013, and conducted a shakedown to look for contraband. When his property was searched, he was found with a radio, razor blades, and smutt ("ink"), along with several hand-sketched drawings. He alleges that Chief Rogers erroneously assumed that, since Plaintiff had ink, he also had a contraband tattoo gun. Plaintiff alleges that Chief Rogers told Investigator Reagan to confiscate the mentioned items and insinuated to Plaintiff that disciplinary action would be instituted against him. Plaintiff states that he received a rule violations report ("RVR") the same day, January 8, 2013, that was not initialed by the Unit Administrator as required by MDOC policy.

1

He alleges that he received a "corrected" RVR on January 10, 2013, which violates the MDOC rule that rule infractions must be served on the offender within twenty-four hours of the incident. Plaintiff also alleges that, while the RVR he received states that his radio was broken, it was operational and sound. Plaintiff was found guilty of the RVR and received a thirty day loss of privileges as a punishment.

Plaintiff maintains that no evidence exists, other than Defendants' statements, that he ever had a tattoo gun or broken radio. He also maintains that tattoo-related paraphernalia is a Category B31 violation of MDOC policy, not a C7 violation, as was charged in his RVR. Plaintiff argues that RVRs are like indictments, and that an error within an RVR should make it fatally defective, inasmuch as the consequences of an RVR can effect the privileges a prisoner receives, as well as his potential release date. As his requested relief, Plaintiff asks that the Court order MDOC to honor their standard operating procedures and directives that are mandated under their issued policies.

**Screening Standards**

Because Plaintiff has been permitted to proceed in forma pauperis in this action, his complaint is subject to *sua sponte* dismissal under the Prison Litigation Reform Act ("PLRA"). *See* 28 § U.S.C. 1915(e)(2); *see also* 28 U.S.C. § 1915A (subjecting prisoner complaint to preliminary screening regardless of in forma pauperis status). Pursuant to the PLRA, the Court is obligated to evaluate the complaint and dismiss it if it is "frivolous or malicious," if it "fails to state a claim upon which relief may be granted," or if it "seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2). A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A

complaint fails to state a claim upon which relief may be granted if relief could not be granted to the plaintiff "under any set of facts that could be proven consistent with the allegations" in the complaint. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998) (citation omitted); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (holding that complaint fails to state a claim only where it does not plead "enough facts to state a claim to relief that is plausible on its face").

## Rule Violation Report

In order to state a claim under § 1983, Plaintiff must allege that he was deprived of a right under the Constitution or the laws of the United States by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Because Plaintiff fails to demonstrate such a right, his complaint fails. *Hoye v. Nelson*, 4:07cv44-M-B, 2007 WL 1321964 at *1 (N.D. Miss. May 3, 2007) (citation omitted).

The Court construes Plaintiff's allegations as raising a due process claim. To invoke the protections of the Due Process Clause, a protected liberty interest must be at issue. A prisoner's constitutionally protected liberty interest is "limited to freedom from restraint which . . . imposes atypical and significant hardships on the inmate in relation to the ordinary incidents in prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Plaintiff does not raise a constitutional claim by asserting that MDOC failed to follow its own policy and procedure in drafting his RVR, or by asserting that he is innocent of the charges for which he was found guilty after a disciplinary hearing. See *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996) (holding that "a prison official's failure to follow the prison's own policies, procedures or regulations does not constitute a violation of due process, if constitutional minima are nevertheless met"); *Hernandez v. Estelle*,

788 F.2d 1154, 1158 (5th Cir. 1986) ("A violation of prison regulations, without more, does not give rise to a federal constitutional violation."); *Collins v. King*, 743 F.2d 248, 253-54 (5th Cir. 1984) (noting inmate's allegation that he was improperly charged in disciplinary proceeding does not, alone, raise a constitutional claim). Moreover, Plaintiff's loss of prison privileges in response to an RVR is not an "atypical and significant hardship" of prison life. *See, e.g., Madison v. Parker*, 104 F.3d 765, 767-68 (5th Cir. 1997) (finding 30 day commissary and cell restrictions not the type of deprivation in which liberty interest is created). Therefore, Plaintiff's complaint fails to state a claim upon which relief may be granted.

## Conclusion

Plaintiff's allegations fail to assert a cognizable constitutional violation, and this action is **DISMISSED WITH PREJUDICE** for his failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). This dismissal counts as a "strike" under 28 U.S.C. § 1915(g). Plaintiff is cautioned that once he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while incarcerated unless he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g). A final judgment in accordance with this opinion will be entered today.

**SO ORDERED** this the 20th day of May, 2013.

                                                          **/s/ Sharion Aycock**
                                                          **U.S. DISTRICT JUDGE**